IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL JEROME KING                                                         PLAINTIFF

V.                                                    CAUSE NO. 1:13CV362-LG-JCG

CITY OF PASCAGOULA,
MISSISSIPPI, AND OFFICER
JENKINS                                                                    DEFENDANTS

## ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE

This matter comes before the Court, *sua sponte*, for consideration of dismissal for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Having reviewed the filings in this action and applicable law, the Court has determined that this action should be dismissed. As a result, the Court finds that the [42] Motion for Summary Judgment filed by Defendant City of Pascagoula should be denied as moot.

### BACKGROUND

Plaintiff filed this *pro se* action on September 16, 2013, alleging Constitutional violations against Defendants City of Pascagoula, Mississippi, Pascagoula Police Department,[1] and Officer Jenkins pursuant to 42 U.S.C. § 1983. During the course of this action, the Court has informed Plaintiff numerous times that failure to advise the Court of a change of address may result in dismissal of the case. (*See, e.g.,* Orders, ECF Nos. 4, 9, 10). The Court explicitly told Plaintiff that it was "his responsibility to prosecute this case. Failure to advise the Court of a

---

[1] The Court dismissed the Pascagoula Police Department from this action on November 20, 2013.

change of address or failure to comply with any order of the Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case." (Order, ECF No. 14).

Initially, Plaintiff filed multiple Changes of Address (ECF Nos. 16, 23, 28, 32), with his last one (ECF No. 32) filed on February 21, 2014. Since then, however, Plaintiff has not taken any other action in this case and all court mailings have been returned as undeliverable. Plaintiff has never effected service on Officer Jenkins and has never responded to the Motion for Summary Judgment filed by Defendant City of Pascagoula on May 5, 2014.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Furthermore, "[a] district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)." *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008). Courts have long held the authority to dismiss an action for the plaintiff's failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

Here, the Court informed Plaintiff on multiple occasions that failure to advise

2

the Court of address changes could result in dismissal of this action. *See Wade v. Farmers Ins. Group*, 45 Fed. App'x 323, *1 n.12 (5th Cir. 2002) (noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address"). However, since February 2014, Plaintiff has not filed anything in this action or otherwise contacted the Court, and all court mailings have been returned as undeliverable. Additionally, Plaintiff has not effected service on Defendant Officer Jenkins within the 120 days required under Federal Rule of Civil Procedure 4(m) and has never responded to Defendant City of Pascagoula's Motion for Summary Judgment filed several months ago. *See Hickerson*, 283 F. App'x at 253.

Plaintiff filed this lawsuit; it is his responsibility to prosecute it, and he has not done so. Accordingly, the Court finds dismissal of this action proper under Federal Rule of Civil Procedure 41(b). *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [42] Motion for Summary Judgment filed by Defendant City of Pascagoula is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 31st day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE